**UNITED STATES of America,**
**Appellee,**

v.

**Lancelot HODGE, also known as Dough Boy, also known as Lance, Defendant–Appellant.**

**No. 07–5722–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 16, 2008.

Justin T. Smith, New Haven, CT, for Appellant.

John H. Durham, Counsel to the U.S. Attorney (for Nora R. Dannehy, Acting U.S. Attorney for the District of Connecticut), New Haven, CT, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Lancelot Hodge appeals from a judgment of conviction entered December 13, 2007, in the United States District Court for the District of Connecticut following Hodge's guilty plea. Hodge pleaded guilty

to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and was sentenced principally to 188 months' imprisonment. We assume the parties' familiarity with the facts and procedural history of the case.

We review sentences post-*Booker* for reasonableness, which is the "familiar abuse-of-discretion standard of review." *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). First, we must "ensure that the district court committed no significant procedural error." *Id.* at 597. If the district court's decision is procedurally reasonable, we then consider the substantive reasonableness of the sentence. *Id.*

Hodge argues that his sentence is substantively unreasonable. To support his argument, he makes three assertions: (1) the district court imposed sentence without considering Hodge's history and characteristics, specifically his drug addiction, "life on the streets," and Tourette's Syndrome; (2) the recent amendment to the crack cocaine Guidelines create an even greater gap between sentences for crack cocaine offenses and sentences under the career offender Guidelines; and (3) the sentence imposed here is more than five times the length of any sentence the defendant has served before. For the reasons stated briefly below, none of these arguments has merit.

Hodge first argues that the district court did not consider his history and characteristics, as is required by 18 U.S.C. § 3553(a)(1), (2). Although "the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a)," *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005), "we entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record

clearly suggests otherwise," *United States v. Fernandez,* 443 F.3d 19, 29 (2d Cir. 2006). The record does not support Hodge's claim that the district court disregarded his drug addiction and his difficult childhood. After listening to Hodge's family members tell the court about Hodge's struggles as a youth and the impact of the Tourette's Syndrome on his personal development, the district court stated, "I certainly understand what [Hodge's sister] has said about that there may have been other effects by reason of taunting by classmates and so forth. But the condition is not one that diminishes capacity." The district court then asked defense counsel about a diagnosis regarding the condition, and Hodge's attorney discussed Tourette's Syndrome and Hodge's mental capabilities. Furthermore, the district court explicitly acknowledged that the history and characteristics of the defendant are "factors that the court is required to consider pursuant to 18 U.S.C. § 3553(a)(1)." Finally, in reaching its decision, the court stated that it had "considered the arguments of counsel and the factors that are set forth in [18 U.S.C. § 3553(a)]." The district court clearly considered Hodge's history and characteristics.

Although Hodge acknowledges that the post-*Kimbrough* amendments to the crack cocaine Guidelines do not directly affect his sentence, he maintains that the amendments still should have bearing on his sentence. Specifically, he contends that the amendments, by lowering the Guidelines ranges for crack cocaine offenses, have created a wider gap between the career offender Guidelines ranges and the crack cocaine Guidelines ranges. So the argument goes, the career offender Guidelines are too harsh for crack cocaine offenders who would otherwise have a lower sentence. This argument mistakenly suggests that the career offender Guidelines

ranges should somehow be tied to the Guidelines ranges for the current offense. There is no authority for this proposition—in fact, the career offender Guidelines, as applicable to Hodge's conviction in this case, specifically instruct that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1(b).

Finally, Hodge argues that his sentence is unreasonably long compared to sentences imposed for his prior convictions. There is no legal basis for this argument, as nothing in the Guidelines or in 18 U.S.C. § 3553(a) requires a district court to consider how the sentence imposed compares with sentences for prior offenses.

We have considered all of Hodge's other arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.